All right. I'll now call the case of Francisco Lira v. Essentia Insurance Company. May it please the Court. Good morning. My name is Doug Stein. I represent the appellant Francisco Lira. This is an appeal of an order determining that Mr. Lira did not timely comply with a local rule that imposes a 60-day time period in which to file a motion for attorney's fees and costs. That's Local Rule 7.3 of the Southern District, which governs the procedures for filing such motions. The rule clearly provides that the occurrence of only two events can trigger the 60-day time period in which such a motion needs to be filed. And those two events are the entry of a final judgment or the entry of an order giving rise to the claim for attorney's fees and costs. And the purpose of this rule, like any other rule, like in the Florida State Courts we have Rule 1.525, it's clear. It's to provide a bright line so that the parties and the attorneys have no need for interpreting when the time period begins to run. If there has not been either a final judgment or an order giving rise to the claim for attorney's fees and costs, then the time period simply has not commenced. Here, the District Court ruled that the parties' stipulation to the entitlement to attorney's fees, and I quote, coupled with the order administratively closing the case triggered the 60-day time period. Neither the stipulation nor that order, individually or collectively, was a final judgment or an order giving rise to a claim for attorney's fees. Counsel, you agree that in Florida, that the Florida Supreme Court has interpreted a settlement to comply with its statute, the Chapter 627 Attorney's Fee Statute, even though that statute specifically refers to a judgment or decree, correct? Correct. Can, under the deference that we normally accord District Courts in reading their own local rules, can we not afford the District Court the similar latitude that the Florida Supreme Court has read in a similar context under a similar rule to read it to be the notice of settlement plus the order accepting that settlement being the equivalent of or whatever the Florida Supreme Court used to say that it's a judgment or order establishing entitlement? So what you're referring to, of course, is the confession of judgment doctrine. And so we have to be very careful here. We have to separate what triggers an entitlement to attorney's fees as a matter of law, like a confession of judgment might, as against what triggers the 60-day time period of Local Rule 7.3. No question, Your Honor, that a confession of judgment can trigger an entitlement to attorney's fees. The Florida Supreme Court said that in the Waller case, but it also said in the Waller case that a confession of judgment is a legal fiction. It's the antithesis of a final judgment. It only can arise when there is no final judgment. I know, but if we're, if, why, I guess what I'm asking is why can't the District Court read the rule in a, read its own rule that it wrote in a similar way or give, and aren't we required to give deference to that reading where all it has done is essentially read it the same way the Florida courts have under a very similar factual system? Ah, but the Florida courts, Your Honor, I don't know of any case, of course we know the Waller case that says that a confession of judgment can give rise to a claim for attorney's fees for the 30 day time period under Rule 1.525. And so those, again, those are two separate things. I'm not saying they're exactly the same, counsel. I guess what I'm asking is, I'll ask it a different way. We have a case law which suggests that a District Court, that we accord deference to a District Court's reading of its rule. Here, the District Court read its rule to say that what happened here was the equivalent of a judgment or order triggering that deadline. Why is that not, why would we not accord deference to that? Because, because that's not what the rule says. I mean, I agree there has to be a certain amount of deference if there's some slight interpretation of the rule as to what type of order may constitute an order giving rise to the claim for attorney's fees. But to do what the District Court did here, what it did was, it took two individual occurrences. It took the stipulation between the attorneys for the, between the parties for the entitlement to attorney's fees, and it took the order administratively closing the case. And I, the only thing that comes to mind is it Frankenstein-ishly combined those two to, to render in, in what a confession of judgment. We have a separate strain of law which says that we give deference to District Courts in the interpretation of their own orders. In other words, it's under the theory that no one knows better than the person who wrote the order what that order means, right? So here, the District Court issued an order. It says the order administratively closing the case, the one you just referred to. And then when challenged later on about its meaning, the District Court said this was a ratification of the settlement agreement. And as such, it established entitlement under the rule. Do we not accord deference to the District Court's own reading of what its order meant? Well, first of all, I think the record defies what the District Court found in regard to whether it ratified. If it did ratify it, I think maybe we would be in, we would be in a different situation. But there was no ratification in this. Except that, here's, here's the issue. Notice the settlement says, hey, District Court, cancel the trial. We've settled this case. We've established entitlement. All I need you to do is to reserve jurisdiction on the amount. And the District Court says, okay, I'm going to do exactly that. I'm canceling the trial. I'm administrative closing the case. And it does exactly, almost word for word, what he was asked to do. I am administrative, I am reserving as to the amount. Right. And then when challenged later, the District Court says, I am adopting this. That's, that was the whole point. I adopted this settlement. You told me you agreed on this. And the only thing you didn't agree on, I reserve jurisdiction on to rule on that. How is that not accorded, even if I wouldn't have read that myself that way, and I know you wouldn't have read it that way, how do we not accord deference as a potential reasonable reading given the, what happened, the scope of how everything transpired? It certainly is a reasonable reading, Your Honor, of whether there was an entitlement to attorney's fees. I don't think anybody could argue that. That's the case. If you, if you can see that, then how, how possibly, if it's a reasonable reading, do we not give that deference? Because it's two separate questions, because that's not the question that, that's, that's at issue here. The question is that here is, okay, there's an entitlement. When does the 60 period, the 60 day period begin to run? It doesn't begin to run. There's an order establishing entitlement, then isn't that when the 60 day period starts to run? If there were an order establishing entitlement, I would agree. There is no order in this case, Your Honor. There is no order establishing entitlement. I guess, I guess my question is, if it can reasonably read the order to mean that, and the district court did read it that way, aren't we entitled to give it the same deference and start the clock? Yes, but it cannot be reasonably read that way. So I guess that's where we boil down to. What about the order makes it, what else had to be done for the order to have established an entitlement to fees? I mean, it seems like when you filed the next document seeking to you were basically saying, look, we've already established our entitlement to fees and the court has recognized it, so we're just going to file a motion for fees. So what else, maybe I'm misunderstanding, but what else do you think needed to be done in order for the district court's order accepting the settlement to establish an entitlement, a claim? Well, let me put it this way in the words of the staff, in the words of the rule, to give rise to a claim for attorney's fees. So Your Honor, you used the word, you said that the order administratively closing the case established the claim for fees. Okay, so I have to take a little bit of deference with that. It did not establish a claim. That's what I'm asking you. Why did it not give rise to a claim for fees in light of the record as a whole? Because it doesn't ratify the stipulation, it doesn't approve the stipulation, it acknowledges the stipulation, but it doesn't ratify the stipulation and it does not order that fees be awarded. In this situation, if the fees, if the insurance company had not paid the fees, they wouldn't be able to go in to enforce an order. They would be able to go in to, whether it be in a separate action or whether it be in that action, that's always a question, but to enforce the stipulation, not enforce an order, because there is no order establishing when the 60 day commencement occurs. And again, I can't emphasize enough. I'm sorry, maybe I'm just misunderstanding. So let's say that you all had reached this settlement and had never filed the lawsuit in the first place, right? If you had reached the settlement, would you not be able to go in and file a lawsuit? A lawsuit for fees based on the settlement? I believe so, yes. So what's the difference then? Why doesn't the order then give rise to a claim for fees? Because just like in the hypothetical that you just told me, there's nothing in that case that the order does is, as a matter of convenience for the clerk, close the case. And the order even says, I'll reopen it if this, quote, expected settlement doesn't occur, if it doesn't consummate. So, again, if the attorney's fees weren't paid, in the hypothetical that you gave, yes, there could be some sort of lawsuit that's filed. In this case, it is no final judgment, there is no order, which gives rise to that claim for attorney's fees. It is only the stipulation. And the rule is absolutely clear. A final judgment or an order. Not a stipulation, because the parties and the attorneys need to know, when does that 60-day period commence? And we can give deference to the district court as to a certain extent. But when the district court, I'll read the district court adopted the report and recommendation of the magistrate judge. And this is what the magistrate judge titled one of the sections. The court need not enter a judgment on behalf of plaintiff or enter an order establishing entitlement to attorney's fees and costs in order to trigger a claim for fees and costs under Florida Statute 627-428. Because one had already been entered. I mean, in fairness to the magistrate judge, she believed that the combination of the two established or ratified. It's not that she didn't think that an order didn't need to happen, it's just she thought it happened. Absolutely. He thought that, absolutely, but that was error. That was erroneous. Because that statement is exactly contrary to what local rule 7.3 says. 100% opposite to what it says. I see I have one second left. I will sit. Thank you. Good morning. May it please the court. Carol Rooney for the Appley Assurance Company. Your honors, this appeal presents a very straightforward issue. And it's really it's the application of the local rules. It's the deference that this court provides to the district court in the interpretation of its local rules and whether or not the order acknowledging the party's notice of settlement and stipulation as to entitlement as to attorney's fees, whether or not that triggered the application of local rule 7.3. Can I ask you a question about your friend's argument over there? So your friend, if I'm correct, was in the case when the stipulation was filed and the order administratively closing the case did not bless or otherwise adopt or finalize the settlement. So it couldn't have possibly, it would have been impossible for it to give rise to a claim for fees. I think that's what he's saying. How do you respond to that? Your honor, the order gave rise to a claim for fees because it recognized and as the word that was used by the district court, it ratified the party's stipulation as to entitlement to fees. So the parties had agreed that Mr. Lira was entitled to attorney's fees and then the order says it reserved jurisdiction to determine the amount of the attorney's fees and costs. So that's all that's required and I think there's a couple cases that really illustrate that point. Number one, the rule does not require a final judgment or even a final order in order to trigger the application of the rule. I agree with that. Yes. And in the Arbet case, that was a southern district case and in that case, the plaintiff had filed a motion to compel appraisal. But there still has to be, even though there doesn't have to be a final order or a final judgment, I mean, there still has to be an entitlement to fees. So your point is that even though the settlement wasn't finalized when you all filed the stipulation and that couldn't itself trigger an entitlement to fees because it hadn't been finalized, that the order that dismissed, administratively closed the case, I guess, and dismissed it, but otherwise reserved jurisdiction for the fees or the amount of the fees, I guess, somehow accomplished the entitlement to a claim for fees. Is that right? This was an insurance dispute and the insurance company agreed to pay the indemnity and based on that, the insurance company stipulated that Mr. Allira was entitled to fees. That notice of stipulation and settlement was filed with the court. The court acknowledged and recognized that and said yes and that it would reserve jurisdiction to determine the amount. So the settlement of the indemnity was finalized. The agreement that entitlement to fees was due, that Mr. Allira was due a certain amount of fees that was yet to be determined, that was finalized. So the order basically triggered the local rule. And the case law illustrates this, that it doesn't have to be certain magic language. It just doesn't give rise to the claim for fees. Mr. Allira is seeking fees because his insurance company agreed to pay his indemnity. And also the insurance company recognized, you're entitled to fees based on that. So that's what gave rise. That was the order giving rise and nothing more is needed. Let me ask you a question. Just so I am understanding, would there have been a way for the insurance company to get out of the settlement after the district court entered the order administratively dismissing the case and closing it? Well, the order administratively closing the case did not dismiss the case and there's a difference. Right, it reserved jurisdiction. Correct. So the case was not dismissed. Okay, but my question goes to would the insurance company have been able to get out of the settlement after the time that the district court entered that order? Just the order administratively closing the case or dismissing the case. The order that was entered right after the stipulation was filed, the July order. I don't believe so, Your Honor, because they had already agreed to pay the indemnity. I mean, that was a settlement agreement. I think if they tried to get out of it, that there would have been a motion to enforce the settlement or something like that. But the case was still open and pending. I mean, it wasn't dismissed. The case was still pending and I think one of the cases even points out that just an order administratively closing a case does not dismiss the case. It still remains pending and that order, the July 23rd order, specifically said the court's reserving jurisdiction to determine the amount of the fees and costs. And the Arvett case makes a very good point because in that case, the plaintiff was moving to enforce or to compel appraisal and that applicable Florida statute because I prevailed against my insurance company. Plaintiff filed a motion, complied with the rule 7.3 and all of the requirements and the magistrate actually said in the report and recommendation, yes, that order compelling appraisal triggered the 60-day rule. But ultimately, the magistrate denied entitlement to fees and said it was premature because there was no coverage determination. The district court adopted that. So really what it is, it's like, you can be completely... I'm sorry, just to be clear, your position is that a motion to enforce the settlement is not what gives rise to the claim for fees. It's the underlying settlement itself, even if it's not, I mean, I guess if it's finalized to the extent that you all were finalized. Coupled with the stipulation basically saying Mr. Lira is entitled to fees. So the parties had agreed to pay the indemnity, that was resolved and that they had stipulated that Mr. Lira was entitled to fees. And then the district court's order recognizing, acknowledging, ratifying that, that triggered, that gave rise to Mr. Lira's claim for fees. So at that point, to the extent the parties couldn't agree on the amount of fees, Mr. Lira was still subject to the local rules of the district court and had to file his motion for attorney's fees and costs with the court within the time period set by the local rule, as well as comply with all of the other requirements of the local rule. And that was not done. And so the point I was trying to make with the Arvot case is, in that case, the magistrate ruled that or determined, which was adopted by the district court, that the motion to compel appraisal that was granted, that gave rise to a claim for attorney's fees, even though the magistrate ultimately ruled that it was premature and there was no entitlement to fees. So I think what's happened here is Mr. Lira is confused. Well, there's been, you know, I'm entitled to fees, you know, based on the payment of the insurance claim. But until there's an actual order saying I'm entitled to fees, the rule doesn't start, or the time period doesn't start, the rule doesn't apply. But in Arvot, you know, the entitlement is determined after you file your motion for attorney's fees and costs and you set forth I'm entitled to my attorney's fees because the parties agreed on it. And quite frankly, I don't think any other basis for entitlement would have needed to be stated in the motion for attorney's fees and costs that Mr. Lira should have filed. He should have said the parties agreed, I'm entitled, and then you go through with the basis for your amount. So that was the confusion here is Mr. Lira, I think, is misapprehended. He's confused giving rise to a potential claim for fees with the ultimate determination of entitlement. So all you need is an order giving rise to a claim for fees. It doesn't have to be a final judgment. It doesn't even have to be a final order. And that's what we had here. And similarly, in the Sariscotta case, in that case, it was another Southern District case where there was an order acknowledging or ratifying the party settlement agreement. And in that case, that order gave rise to the claim for fees. Now, whether or not there's going to be an order ultimately issued that says, yes, you're entitled to fees and here's the amount, that remains to be determined. But really what happened here was we had an he failed. It's undisputed. He failed to timely comply. Instead of filing a motion for attorney's fees and costs, as he was invited to do by the district court when he filed his motion to reopen the case and that was denied, he never did that. Then he filed a motion for entry of final judgment or in the alternative, motion for entitlement to attorney's fees. And that's the denial of that that's being appealed here today. So we're not even here today on a motion of denial of attorney's fees. That motion was never even filed. Here again, I think we're presented with a very straightforward issue to which this court owes the district court a great deal of deference and it's whether or not that order acknowledging the party's settlement and stipulation and administratively closing the case, which did not dismiss the case but just closed it, coupled with the party stipulation, did that trigger the 60-day deadline and all of the other requirements in Local Rule 7.3. And the record is clear that it did and the case law supports that. There's been no case presented by Mr. Lear that disputes that. So frankly, Your Honor, based on the standard of review, which is abuse of discretion, that you should give the district court wide discretion here in the interpretation of its rules, we respectfully request that Your Honors affirm the district court's order denying Mr. Lear's motion for entry of a final judgment or entitlement to attorney's fees. And unless the court has any further questions for me, we respectfully request that you affirm that ruling. Thank you. Counsel, can I ask you something about how I'm understanding your argument here? Could your client then have filed a motion for entitlement of attorney's fees any time it wanted to after the district court entered the order that it entered in July? I mean, could it have taken five years to file it? Is there some limit on when it could have filed the motion under your theory of the case? Yeah, I know it sounds ridiculous, but there isn't. The only time limit here is the 60-day time limit under Local Rule 7.3, which begins to run from the final judgment or any order of entitlement. And the insurance company certainly could have filed the same type of motion, not just a motion for entitlement, but a motion for determination. But what incentive would it have to do that? So we wouldn't be here today. Well, let me ask you this. What do you think is the purpose behind the local rule that requires the motion to be filed within 60 days? The purpose of the, it's to, well, there's two purposes to the rule. Number one, it's number one to set a bright line time when the motion should be filed. Right, but why? Why is that important? To then get a resolution on the amount of attorney's fees. So because, I mean, I'm just guessing here, but does it make sense that the reason would be the court wants to handle it while it's still fresh in the court's mind and while it's still fresh in the party's minds and also the court has an interest in closing cases that have been really resolved because it has a lot of cases to get through? So the rule certainly doesn't say that. I think that, and again, the rule, it only 60 days from those two benchmarks. And we deal with this a lot in the insurance world. This issue of the legal fiction of a confession of judgment and that there isn't actually a judgment entered when there is a confession of judgment. And then how do you handle the entitlement to attorney's fees? And I think that this rule actually remedies any problem with that because there is no judgment when the entitlement arises. There's no question here. I mean, counsel kept referring to me as being confused. I am not confused. I know exactly what the rule says. Let me ask you a question then. For this situation, is there something the court could do in order to ensure that a claim for entitlement of fees would be filed sooner than whenever you feel like it? Absolutely. Under these circumstances, what could it do? It could have entered a final judgment in favor of the plaintiff, acknowledging that a confession of judgment. Didn't you ask them not to do that? No, I don't believe so. I'll have to ask your Honor where. I thought you reserved, you wanted the court to reserve jurisdiction in case something didn't work out. Well, in case the settlement didn't. No, if the amount of attorney's fees. The amount, okay. The settlement was done. No question. The entitlement was done. I am not disputing, your Honor, that there was a settlement and there was an entitlement to attorney's fees. I am not confused about that. Only in the amount. That's the only reason. Correct. The amount had to be determined. Which means final judgment couldn't have been entered. I'm sorry, your Honor? Which means final judgment could not have been entered. No, that's not correct. I'm sorry, your Honor. A final judgment absolutely could have been entered and a separate collateral order on attorney's fees could have been entered. Happens every day. Every day. It's because fees are a collateral issue to the merits. Correct. Absolutely. It can be separately appealed, separately executed, 100%. I wanted to read you the order administratively closing the case because nowhere in that order does it, is there a ratification of this settlement, which distinguishes the cases that we're relying on. I see my time is up. The district court's order, which denies my client an opportunity to move for attorney's fees, should be reversed. Thank you. Thank you. We've got the case. We appreciate the presentation. I will call the next case, Mr. DeJesus v. Sgt. Willie Lewis. Mr. DeJesus. Thank you, Your Honor. Thank you, Mr. DeJesus. Thank you, Mr. DeJesus. Sorry, I struggled with that. Good morning, Your Honors, and may it please the court. My name is Pablo Rojas, and I'm here on behalf of the appellant, Mr. DeJesus. It's an honor and a privilege to be here. I'm here on behalf of the appellant, Mr. DeJesus. It's an honor